UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JENNIFER FELTENSTEIN                                    **CV**

                      Plaintiff,

      -against-                                     **COMPLAINT**

BRONX PARKING DEVELOPMENT COMPANY,              **JURY TRIAL REQUESTED**
LLC

                Defendant.
---------------------------------------------------------------x

## <u>COMPLAINT</u>

    Plaintiff Jennifer Feltenstein (hereafter referred to as "Plaintiff"), by counsel,

Parker Hanski LLC, as and for the Complaint in this action against Defendant Bronx

Parking Development Company, LLC ("Defendant"), hereby alleges as follows:

## <u>NATURE OF THE CLAIMS</u>

    1.    This lawsuit opposes pervasive, ongoing, and inexcusable disability

discrimination by the Defendant.  In this action, Plaintiff seeks declaratory, injunctive,

and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses

to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of

the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12131 *et seq.* and 42 U.S.C. §§

12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law

("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law'"), the

New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights

Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York

("Administrative Code'").  As explained more fully below, Defendant owns, leases,

leases to, operates, and controls a place of public accommodation that violates the above-

mentioned laws.  Defendant is vicariously liable for the acts and omissions of their

employees and agents for the conduct alleged herein.

2.      Defendant made a financial decision to ignore the explicit legal

requirements for making their place of public accommodation accessible to persons with

disabilities – all in the hopes that they would never be caught.  In so doing, Defendant

made a calculated, but unlawful, decision that disabled customers are not worthy.  The

day has come for Defendant to accept responsibility.  This action seeks to right that

wrong via recompensing Plaintiff and making Defendant's place of public

accommodation fully accessible so that Plaintiff can finally enjoy the full and equal

opportunity that Defendant provides to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. §

12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions

regarding the deprivation of Plaintiff's rights under the ADA.  The Court has

supplemental jurisdiction over Plaintiff's related claims arising under the New York State

and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because

Defendant's acts of discrimination alleged herein occurred in this district and

Defendant's place of public accommodation that is the subject of this action is located in

this district.

## PARTIES

5.      At all times relevant to this action, Plaintiff Jennifer Feltenstein has been

and remains currently a resident of New Rochelle in Westchester County, New York.

2

6.      At all times relevant to this action, Plaintiff Jennifer Feltenstein has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.      In or around 2007, the City of New York created the Defendant Bronx Parking Development Company, LLC to finance, construct, operate, and maintain the Yankee Stadium Parking System.

8.      The Yankee Stadium Parking System was part of the larger Yankee Stadium Redevelopment Project, which included the construction of a new Yankee Stadium.

9.      In 2007, $237 million in tax-exempt bonds were issued to finance the construction of three new parking garages and to finance the renovation of existing parking lots and garages for the Yankee Stadium Parking System.

10.   A map of the parking garages and lots in the Yankee Stadium Parking System is shown below:



11.   This action exclusively concerns the wheelchair accessibility of the parking facilities identified in the picture above as "Garage B" and "Garage 3."

12.   Garage B is a five-story garage containing over 600 parking spaces and is located south of East 164th Street between Jerome Avenue and River Avenue in Bronx County, New York (hereinafter referred to as "Garage B") .

13.   Garage 3 is a three-story garage containing approximately 1,200 parking spaces and is located on River Avenue between East 162nd Street and East 164th Street in Bronx County, New York (hereinafter referred to as "Garage 3") .

14.   Defendant Bronx Parking Development Company, LLC owns, operates, and maintains Garage B and Garage 3.

15.   Defendant is licensed to and does business in New York State.

4

16.    Upon information and belief, Defendant is a political subdivision of the City of New York and is a public entity within the meaning of 42 U.S.C. § 12132 of the ADA. Defendant owns a public entity within the meaning of 42 U.S.C. § 12132 of the ADA.

17.    In 2007, Defendant Bronx Parking Development Company, LLC, as owner, entered into an AIA Standard Form of Agreement between Owner and Designer – Builder ("AIA Agreement") with nonparty Prismatic Hunter Roberts, as the Design–Builder.

18.    The scope of work encompassed in the AIA Agreement included the design and new construction of Garage B as well as the renovation and restoration of Garage 3.

19.    The AIA agreement also required that Garage B and Garage 3 comply with the ADA, the ADA Accessibility Guidelines, and local Law 58 rules and regulations.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20.    Defendant is a public accommodation as it owns, leases, leases to, controls or operates a place of public accommodation, a parking facility, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

21.    Garage B and Garage 3 are places of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as they are parking facilities and their operations affect commerce.

5

22.     Numerous architectural barriers exist at Garage B and Garage 3 that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

23.     Garage B was designed and constructed for first possession after 2007.

24.     In or after 2007, alterations were made to Garage 3, including areas adjacent and/or attached to Garage 3.

25.     Garage B and Garage 3 are located close to Gate 8 of Yankee Stadium, which Plaintiff generally utilizes to enter Yankee Stadium.

26.     Within the past three years of filing this action, Plaintiff has attended games at Yankee Stadium and, during those times, Plaintiff has visited, attempted to, desired to, and utilized Garage B and Garage 3.

27.     The services, features, elements and spaces of Garage B and Garage 3 are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

28.     Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of Garage B and Garage 3 that are open and available to the public.

29.     Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the Administrative Code, the Building Code of the City of New York ("BCCNY"), or the 2014 New York City Construction Code ("2014 NYC").

30.     Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing Garage B and Garage 3 as well as architectural barriers that exist include, but are not limited to, the following:

I.     Defendant fails to provide designated car accessible parking spaces that are at least 96 inches wide of clear unobstructed space and have an adjacent access aisle that is at least 60 inches wide of clear unobstructed space.  See 1991 Standards §§ 4.6.3, 4.6.2; and 2010 Standards §§ 502.2, 502.3, 502.3.1; the Administrative Code § RS 4-6.

II.     Defendant fails to provide car accessible parking spaces that have an adjacent International Symbol of Accessibility sign designating the spaces as accessible parking spaces and mounted at the minimum required height above the ground surface.  See 1991 Standards § 4.1.2(7)(a), 4.30.7, 4.6.4; and 2010 Standards §§ 502.6, 216.5, 703.7.2.1, 703.5.6; BCCNY § 1106.6.2.6; and the Administrative Code § 27-292.19(b).

III.     Defendant fails to provide the minimum required number of van accessible parking spaces with an adjacent International Symbol of Accessibility sign designating the spaces as van accessible parking spaces and mounted at least 60 inches above the ground surface.  See 1991 Standards § 4.1.2(5)(a), 4.6.1, 4.6.4; 2010 Standards §§ 208.2.4, 216.5, 502.6, 703.7.2.1; and BCCNY §  1106.5.

IV.     Defendant fails to provide designated van accessible parking spaces that are at least 96 inches wide and have an adjacent access aisle that is at least 96 inches wide of clear unobstructed space or a 132-inch wide parking space with an adjacent access aisle of 60 inches of clear unobstructed space.  See 1991 Standards §§ 4.1.2(5)(b), 4.1.2(7)(a), 4.6.3; and 2010 Standards §§ 502.2, 502.3, 502.3.1; and the Administrative Code § RS 4-6.

V.     Defendant fails to provide access aisles that are marked with a sign reading "NO PARKING ANYTIME."  See Building Code of New York State § 1106.5; and 2010 Standards § 502.3.3.

VI.     Defendant fails to provide designated accessible parking spaces and access aisles that have slopes no greater than 2% in any direction thereby exposing plaintiff to

serious injury from rolling into vehicular traffic.  See 1991 Standards § 4.6.3; and 2010 Standards §§ 502.4, 302.

VII.  Defendant fails to provide access aisles for the angled parking spaces that are located on the passenger side of the vehicle.  See 2010 Standards § 502.3.4.

VIII.  Defendant fails to provide access aisles that run the entire length of the parking space without obstructions and/or changes in level. See 1991 Standards § 4.6.3; and 2010 Standards § 502.3.2.

IX.  Defendant fails to provide an accessible route from the access aisles to the sidewalk thereby forcing plaintiff to navigate through dangerous vehicular traffic. See 1991 Standards § 4.7; and 2010 Standards §§ 406, 405.

X.  Defendants do not provide an accessible public entrance due to excessive slopes. See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY §§ 1101.2, 1104.1, 1103.1; 1105.1.

XI.  The primary entrance to Defendant's public accommodation is not accessible. See Administrative Code §§ 27-292.5(a) and 27-357(d).

XII.  Defendant fails to provide an accessible route to the primary entrance from the sidewalk and/or street.  See Administrative Code § 27-292.5(b).

XIII.  Defendant fails to provide accessible entrances in a number at least equivalent to the number of exits required by the New York Building and Fire Codes.  See 1991 Standards §§ 4.1.3(8)(a)(ii), 4.1.3(9), 4.3.10; and 2010 Standards § 207.1; and Administrative Code §§ 27-354 and 27-365.

XIV.  Defendant fails to provide that at least 50% and/or 60% of all its public entrances are accessible.  See 1991 Standards § 4.1.3.8(a)(i); and 2010 Standards §§ 206.4.1, and 404.

XV.  Defendant fails to provide an accessible interior route of 36 inches in width in all locations available to non-disabled customers.  See 1991 Standards § 4.3.3; and 2010 Standards § 403.5.1.

XVI.  Defendant's entrance/exit pathways have less than 32 inches in clear width.  See 1991 Standards §§ 4.13.4, 4.13.5, 4.1.3(7); 2010 Standards §§ 206.5.2, 404.2.3; BCCNY § 1107.6.1.3; and Administrative Code § 27-371(e).

XVII.  Defendant fails to provide that an accessible route from the primary entrance to the entire interior is equivalent to the route afforded to non-disabled.  See Administrative Code § 27-292.5(b).

XVIII. Defendant fails to provide that no changes in level exist inside the required minimum maneuvering clearance at the ground space in front of the public entrance door.  See 1991 Standards §§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010 Standards §§ 305.2, 302, 304.2, 404.2.4.4.

XIX. Defendant fails to provide an accessible path of travel as the path of travel is blocked by security bollards.  See 1991 Standards §§ 7.4, 4.1.2; and 2010 Standards §§ 206.8, 207.1; and BCCNY § 1104.6.

XX. Defendant fails to provide a pavement ground surface that is stable, firm and slip resistant.  See 1991 Standards § 4.5.1; and 2010 Standards § 302.1.

XXI. Defendant fails to provide the minimum required maneuvering clearances of level and clear space for an accessible path of travel to and from the parking ticket vending machines.  See 1991 Standards §§ 4.3, 4.2, 4.2.4, 4.32.2, 5.3; and 2010 Standards §§ 305, 305.3, 305.5, 305.6, 802.1.2, 802.1.3, 902.2, 903.1, 903.2, 902.4.1.

XXII. Defendant fails to provide sufficient clear space of 30 inches by 48 inches in front of the parking ticket vending machines from which to conduct the transaction.  See 1991 Standards § 4.2.4.1, 7.1, 7.2; and 2010 Standards §§ 305, 904.4.

XXIII. Defendant fails to provide an accessible route to approach the parking ticket vending machines thereby making it impossible or exceedingly difficult for the plaintiff to conduct a transaction.  See 1991 Standards §§ 7.1, 4.3; and 2010 Standards §§ 904.2, 403.

XXIV. Defendant fails to provide an accessible route to exit the from the parking ticket vending machines making it impossible or exceedingly difficult for the plaintiff to conduct a transaction.  See 1991 Standards §§ 7.1, 4.3; and 2010 Standards §§ 904.2, 403.

XXV. Defendant fails to provide that the parking ticket vending machines have accessible reach ranges from which to conduct a transaction. See 1991 Standards §§ 5.6 and 4.2; and 2010 Standards §§ 904.5.1, 308, 227.4.

XXVI. Defendant fails to provide that the reach ranges for the operable controls of the parking ticket vending machines are accessible.  See 1991 Standards §§ 4.2.5, 4.2.6; and 2010 Standards §§ 308, 308.2.1, 308.3.1.

XXVII. Defendant fails to provide that the running slope of the ramps/walkways to and from the entrance is no greater than the maximum permissible slope.  See 1991 Standards §§ 4.1.3(1), 4.3.7, 4.8.1, 4.8.2; and 2010 Standards § 405.2.

XXVIII.  Defendant fails to provide that the cross slope of the ramps/walkways to and from the entrance door is no greater than the maximum permissible slope of 2%.  See 1991 Standards § 4.8.6; and 2010 Standards § 405.3.

XXIX.  Defendants have not used the least steep possible slope for the ramps/walkways. See 1991 Standards § 4.8.2; and 2010 Standards § 405.

XXX.  Defendant fails to provide a level landing that is sixty inches in length and of equal width to the ramp at the top and bottom of the ramps.  See 28 C.F.R. §§ 36.302(a), 36.304(e); 1991 Standards §§ 4.1.3(1), 4.3.7, 4.3.8 and 4.8.4; and 2010 Standards § 405.7.

XXXI.  Defendant fails to provide handrails on both sides of the ramps/walkways that has a running slope greater than 5% and rises more than 6 inches in height.  See 28 C.F.R. §§ 36.302(a), 36.304(e); 1991 Standards §§ 4.1.3(1) and 4.8.5; and 2010 Standards §§ 403.6, 405.8, 505, 505.2.

XXXII.  Defendant fails to provide handrails that are continuous from the top to the bottom of the ramps/walkways.  See 1991 Standards § 4.8.5(1); and 2010 Standards § 505.3.

XXXIII.  Defendant fails to provide that the handrails extend at least 12 inches beyond the top and bottom of the ramps/walkways in a parallel and rounded return.  See 1991 Standards §§ 4.8.5(2), 4.8.5(6); and 2010 Standards § 505.10.

XXXIV.  Defendant fails to provide that the surface of the parking spaces and access aisles are stable, firm, without cracks, and slip resistant.  See 1991 Standards §§ 4.5, 4.7.4; and 2010 Standards §§ 302.1, 502.4.

31.  Upon information and belief, a full inspection of Garage B and Garage 3 will reveal the existence of other barriers to access.

32.  As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of Garage B and Garage 3 in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

33.    Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

34.    Defendant has not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided accommodations or modifications to persons with disabilities.

35.    Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within Garage B and Garage 3 continue to exist and deter Plaintiff.

36.    Plaintiff frequently attends Yankee games at Yankee Stadium.

37.    Plaintiff utilizes a wheelchair accessible vehicle to travel to Yankee Stadium.

38.    Plaintiff intends to patronize Garage B and Garage 3 several times a year during Yankee season home games after they becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

39.    Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether Garage B and Garage 3 is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

40.    Plaintiff intends to patronize Garage B and Garage 3 several times a year as "tester" to monitor, ensure, and determine whether Garage B and Garage 3 is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**FIRST CAUSE OF ACTION**
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

41.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

42.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

43.    The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

44.    Under the ADA, both the property owner and lessee are liable to the Plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

45.    Defendant has and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

46.    By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

47.    Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991

Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

48.     Garage B and Garage 3 are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

49.     Defendant failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

50.     The paths of travel to the altered primary function areas accessible were not made accessible in violation of 28 C.F.R. § 36.403.

51.     Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendant's place of public accommodation fully accessible.

52.     By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

53.     In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

54.     Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

55.     A "public entity" includes state and local governments, their agencies, and their instrumentalities. 42 U.S.C. § 12131(1).

56.     Defendant qualifies as a public entity within the meaning of 42 U.S.C. § 12131 and 28 C.F.R. § 35.104.

57.     Section 35.151(a)(1) of 28 C.F.R. Part 35 requires that "Each facility or part of a facility constructed by, on behalf of, or for the use of a public entity shall be designed and constructed in such manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities, if the construction was commenced after January 26, 1992."

58.     Section 35.151(c) of 28 C.F.R. Part 35 requires that all physical construction or alterations commenced after July 26, 1992 must comply with either the Uniform Federal Accessibility Standards (aka "UFAS") or the Americans with Disabilities Act Accessibility Guidelines.

59.     Section 35.151(b)(1) of 28 C.F.R. Part 35 requires that: "Each facility or part of a facility altered by, on behalf of, or for the use of a public entity in a manner that affects or could affect the usability of the facility or part of the facility shall, to the maximum extent feasible, be altered in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities, if the alteration was commenced after January 26, 1992."

60.     Defendant's parking facilities at issue in this litigation are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of the ADA.

61.     Even if the facility at issue was built before January 26, 1992, Defendant violated the ADA because it has failed to "operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a)(1).

62.     Defendant failed to enable individuals with disabilities to participate in and benefit from the services, programs, or activities of the facility at issue.

63.     Defendant has and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

### SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

64.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

65.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

66.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

67.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York

State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

68.     Defendant has and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

69.     Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Defendant has aided and abetted others in committing disability discrimination.

70.     Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

71.     In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

72.     It would be readily achievable to make Defendant's place of public accommodation fully accessible.

73.     It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

74.     As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

75.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

76.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

77.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

78.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

79.     Defendant has and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public

accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Defendant has aided and abetted others in committing disability discrimination.

80.     Defendant has and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

81.     Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

82.     Defendant has subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

83.     Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

84.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continue to, aid and abet, incite, compel, or coerce others in Defendant's attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

85.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Bronx Parking Development Company, LLC continuously controlled, managed, and operated the public sidewalk abutting Garages B and 3, which includes the portion of the sidewalk constituting the entrance to Defendant's place of public accommodation.

86.     Bronx Parking Development Company, LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendant's place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

87.     Defendant discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

88.     Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

89.     Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

90.     Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendant is enjoined from further violations, Plaintiff will

continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

91.     As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

92.     Upon information and belief, Defendant's long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

93.     By failing to comply with the law in effect for decades, Defendant has articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

94.     Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

95.     By refusing to make their place of public accommodation accessible, Defendant has unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendant's unlawful profits plus interest must be disgorged.

96.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

97.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

98.     Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

99.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

100.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

101.    Plaintiff will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendant to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

102.    Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

103.    Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant in favor of Plaintiff that contains the following relief:

A.   Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B.   Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C.   Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages and nominal damages as a result of Defendant's violations of NYSHRL and the NYCHRL;

E.   Award Plaintiff punitive damages in order to punish and deter the Defendant for their violations of the NYCHRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL;

H.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

I.   For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: June 3, 2022
        New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**


By:____/s_____
        Glen H. Parker, Esq.
        Attorneys for Plaintiff
        40 Worth Street, Suite 602
        New York, New York 10013
        Telephone: (212) 248-7400 ext. 15
        Facsimile: (212) 248-5600
        Email:ghp@parkerhanski.com